E-FILED
Thursday, 29 September, 2022  03:47:28 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

TONY WEBSTER,                          )
   Plaintiff,                        )
                           )
   vs.                               )          Case No. 22-1164
                           )
OFFICER WILLIAMS,, et. al.,            )
   Defendants                        )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint.  The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims four Defendants violated his constitutional rights at the Tazewell County Jail including Correctional Officers Williams and Gall: Dr. Gousi; and Nurse Hannah.

On May 9, 2021, Plaintiff alleges Defendant Williams used excessive force when he slammed Plaintiff's thumb in the "tray slot" of his cell door causing injury. (Comp., p. 6)

Plaintiff says he was in extreme pain and his thumb was "split open" and bleeding. (Comp, p. 6).  Nonetheless, when he asked Defendant Williams and Defendant Gall for medical care, his request was denied.

Plaintiff also alleges the Defendants refused his requests for medical care "on several occasions." (Comp, p. 6).  However, Plaintiff does not provide a basis for this claim in his complaint such as the dates or time periods of other refusals; what medical care he needed on each occasion; and what impact the denial of care had on his condition.  Instead, Plaintiff says, "see attached" and he has provided 54 pages of exhibits.  (Comp. 6 ).  This is not sufficient.  Plaintiff cannot expect the Court, nor the named Defendants to search through these exhibits in search of evidence supporting potential claims.  Federal Rule of Civil Procedure requires the Plaintiff to provide a short and plain statement of each intended claim in his complaint. *See* Fed.R.Civ.P. 8. Therefore, the Court will not consider the attached exhibits.

Plaintiff has adequately alleged Defendant Williams used excessive force on May 9, 2021; and Defendants Williams and Gall refused medical care for his serious medical condition on May 9, 2021.  However, Plaintiff has not articulated any claims concerning other denials of medical care.

Plaintiff was unable to see Defendant Dr. Gousi until May 22, 2021.  Plaintiff asked for an x-ray of his thumb, and he offered to pay for the x-ray, but his request was denied.  The doctor also refused to provide stitches or any other care for his injury. Plaintiff claims he had a similar encounter with Defendant Nurse Hannah, but he has

not provided the date. Plaintiff says he suffered in pain for 90 days and was unable to move his thumb.

Plaintiff has adequately alleged Defendants Dr. Gousi and Nurse Hannah also violated his constitutional rights when he was denied care for a serious medical condition. Assuming Plaintiff was a pretrial detainee at the time of his allegations, his claims are pursuant to the Fourteenth Amendment. *See Miranda v. Cnty. of Lake*, 900 F.3d 335, 354 (7th Cir. 2018).

Plaintiff says this is not the first time he was denied care for a medical condition and refers to a hand injury on December 13, 2021. However, it appears Plaintiff has filed a previous lawsuit addressing this claim. *See Webster v. Lower*, Case No. 22-1013.

Plaintiff has also filed a motion for appointment of counsel. [5]. Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept pro bono appointments in civil cases. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances).

In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff has demonstrated at least some attempt to find counsel on his own. However, Plaintiff's excessive force claim is not complex, and Plaintiff has demonstrated he can explain what occurred.  As for Plaintiff's medical claim, he will be able to obtain any additional, relevant medical records during discovery and Plaintiff should be able to testify personally to the pain he experienced, his attempts to obtain help, and the responses he received.  All of which can be used to show evidence of deliberate indifference.  *See Ledford v. Sullivan*, 105 F.3d 354, 358 (7th Cir. 1997)(expert testimony not necessarily required to establish deliberate indifference).

In addition, Plaintiff has demonstrated he already has several relevant exhibits including witness statements, grievances, requests for medical care, and medical records (Comp., p. 10-63).

Finally, after Defendants file an answer to the complaint, the Court will enter a scheduling order which provides information to assist a *pro se* litigant, and requires the exchange of initial, relevant discovery.

Based on the record, the Court finds Plaintiff is capable to litigate his claims and his motion is denied. [5].

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges: a) Defendant Williams used excessive force on May 9, 2021; b) Defendants Williams and Gall refused medical care for Plaintiff's serious thumb injury on May 9, 2021; and c) Defendants Dr. Gousi and Nurse Hannah also violated Plaintiff's constitutional rights when he was denied care

4

for his thumb injury. The claims are stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained

only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of her filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at her place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in her mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Deny Plaintiff's Motion for Appointment of Counsel, [5]; 2) Attempt service on Defendants pursuant to the standard procedures; 3) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 4) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 29th day of September, 2022.

s/James E. Shadid

_____

JAMES E. SHADID
UNITED STATES DISTRICT JUDGE